<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MILTON KAZAR, | |
|        Plaintiffs, | Civil No. 15-1527 (NLH) |
|    v. | |
| CITY OF CAMDEN, et al., | **OPINION** |
|        Defendants. | |

**APPEARANCES:**

CONRAD J. BENEDETTO
DANIEL J. MCCRACKEN
1814 East Route 70, Suite 350
Cherry Hill, NJ 08003
Attorneys for Plaintiff Milton Kazar

SURINDER K. AGGARWAL
1 University Plaza, Suite 617
Hackensack, NJ 07601
Attorney for Plaintiff Milton Kazar

THOMAS G. MASCIOCCHI
KEAVENEY LEGAL GROUP, LLC.
1101 N. Kings Highway, Suite G100
Cherry Hill, NJ 08034
Attorney for Plaintiff Milton Kazar

TIMOTHY J. GALANAUGH
CAMDEN CITY ATTORNEY
520 Market Street, Room 420
Camden, NJ 08101
Attorneys for Defendants City of Camden, William Benjamin

AKEEL AHMAD QURESHI, Deputy Attorney General
ATTORNEY GENERAL OF STATE OF NEW JERSEY
P.O. BOX 116
Trenton, NJ 08625-0116

> Attorneys for State of New Jersey, Camden County
> Prosecutor's Office, Ira Slovin, Gregory Smith, James
> Bruno, Steven Settles

**HILLMAN, District Judge**:

Presently before the Court is a motion filed by certain Defendants to dismiss the claims in the Complaint against them. In response to the motion to dismiss, Plaintiff Milton Kazar states that he desires to withdraw all but two claims presented in the Complaint.  The Court will dismiss the claims Kazar seeks to voluntarily withdraw and, for the reasons expressed below and pursuant to Rule 78, will grant the motion to dismiss the remaining claims asserted in the Complaint against the Defendants who filed the motion.[1]

## I.  BACKGROUND

On February 27, 2015, Milton Kazar filed a Complaint claiming violation of his rights under 42 U.S.C. § 1983 and New Jersey law against the City of Camden, Camden Police Officer William Benjamin, the State of New Jersey, the Camden County Prosecutor's Office, Assistant Camden County Prosecutor Ira Slovin, and three officials in the Camden County Prosecutor's

---

[1] Defendants City of Camden and Camden Police Officer William Benjamin filed an Answer.  (ECF No. 23.)

Office, namely, Section Chief Gregory Smith and Investigators James Bruno and Steven Settles.[2]  Kazar asserts that on January 18, 2008, based on a warrant "issued" by Defendant Investigator Bruno and approved by Defendant Smith, unidentified official(s) arrested him for the murder of Luis Rolon on January 16, 2008. He claims that in an interrogation tape-recorded on January 18, 2008, he denied all involvement in the murder and signed documents with his right hand.  He asserts that Defendant Bruno saw that Kazar was right handed and knew that an eyewitness had reported that the shooter of Rolon was left handed.  Kazar alleges that, although no reliable or credible evidence existed suggesting that Kazar was involved with the murder of Rolon and "the Defendants knew that a potential suspect in the murder of Luis Rolon was the step-son of Defendant William Benjamin," (ECF No. 1 at 5), the Defendants arrested and charged him with Rolon's murder.  Specifically, Kazar asserts that "Defendant Benjamin's step-son was stopped in the area of Mr. Rolon's murder within hours of the act driving a vehicle [that] was seen

---

[2] The Complaint also asserted claims against Camden County but on October 26, 2015, Kazar and Camden County filed a stipulation dismissing the claims against Camden County without prejudice. (ECF No. 38.)

near the victim's home." Id.  Kazar alleges that he was
detained for four days before being released.  He alleges that
"the Defendants attempted to fabricate, alter, modify and/or
create evidence" against him; "the Defendants ignored,
disregarded and/or failed to give due and proper weight,
evaluation, development, exploration, and/or consideration to
the lack of evidence" against Kazar; and "the Defendants ignored
all pleas, as well as Notice of Alibi and other communications
made by the Plaintiff's defense counsel to immediately dismiss
all charges due to a lack of credible evidence and existence of
an alibi and evidence to the contrary of his guilt." Id. at 5-
6.  Kazar alleges that "[a]fter a deliberate and intended
protracted period of prosecution the State conceded that no
reliable and/or credible evidence existed as against the
Plaintiff and dismissed all charges." Id. at 6.

Kazar claims in the Complaint that "the Defendants"
arrested and imprisoned him for four days in violation of 42
U.S.C. § 1983 (Counts One and Two), conspired to violate his
constitutional rights in violation of § 1983 (Count Three),
negligently failed to supervise, train and prevent the violation
of his rights (Count Four), maliciously prosecuted him (Count
Five), maliciously abused legal process (Count Six), falsely

4

arrested and imprisoned him (Count Seven), negligently performed duties to Kazar (Count Eight), and violated his rights under the New Jersey Civil Rights Act (Count Nine).  (ECF No. 1 at 6-15.)

Presently before the Court is a motion filed by the State of New Jersey, the Camden County Prosecutor's Office, Ira Slovin, Gregory Smith, James Bruno, Steven Settles (collectively, the "State Defendants") to dismiss all claims in the Complaint against those Defendants.  The State Defendants argue that the Eleventh Amendment bars claims against the State of New Jersey, the Prosecutor's Office, Assistant Prosecutor Slovin and the employees of the Prosecutor's Office (Smith, Bruno and Settles); certain Defendants are not "persons" under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act; Assistant Prosecutor Slovin is absolutely immune from the claims asserted in the Complaint; Defendants Slovin, Smith, Bruno and Settles are protected by qualified immunity; the Prosecutor's Office and Smith cannot be found liable on the basis of respondeat superior and the Complaint does not assert facts showing that these defendants were personally involved in violating Kazar's rights; several claims are barred by the statute of limitations; the Court lacks jurisdiction over claims under the New Jersey Tort Claims Act; and the Complaint fails to plead facts showing that

5

the State Defendants maliciously prosecuted Kazar, maliciously abused legal process, or conspired to violate Kazar's rights.

In response, Kazar states that he wishes to voluntarily withdraw the following claims and Defendants:  all claims under federal and state law against the State of New Jersey; all official capacity claims against the individually named Defendants; claims for false arrest, false imprisonment and conspiracy to violate Kazar's rights under state and federal law; "his <u>Monell</u> claim contained in Count 4 of the Complaint;" and the "Negligence claim for failure to train and supervise contained in Count 8."  (ECF No. 34 at 6, n.1.)  Kazar opposes dismissal of "his individual capacity claims against the individual Defendants with his claims for Malicious Prosecution and Malicious Abuse of Process under both Federal and State law."  <u>Id.</u>

In reply, the State Defendants reiterate that the Complaint does not state a malicious prosecution claim or a malicious abuse of process claim against any of them.

<u>II.  DISCUSSION</u>

Based on Kazar's statement in his brief that he desires to voluntarily withdraw certain claims and defendants, the Court will dismiss without prejudice all claims against the State of

New Jersey and the Camden County Prosecutor's Office, the official capacity claims against the individual Defendants, the false arrest, false imprisonment, and conspiracy claims against all Defendants, and the claims for failure to train and supervise.  The Court will consider whether the Complaint states a malicious prosecution or malicious abuse of process claim against any of the individual State Defendants.

A.  Standard of Review

    To survive dismissal for failure to state a claim upon which relief may be granted under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted). Although for the purposes of Rule 12(b)(6) a court must take factual allegations in the complaint as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal quotation marks omitted).

B.   <u>Malicious Prosecution</u>

To recover under 42 U.S.C. § 1983 against an individual, a plaintiff must show:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970).

The Fourth Amendment safeguards "[t]he right of the people to be secure in their persons . . . against unreasonable . . . seizures."  U.S. Const. amend. IV.  To prevail on a Fourth Amendment malicious prosecution claim under § 1983, a plaintiff must establish that:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

<u>Halsey v. Pfeiffer</u>, 750 F.3d 273, 296-97 (3d Cir. 2014) (quoting <u>Johnson v. Knorr</u>, 477 F.3d 75, 82 (3d Cir. 2007)).

Defendants Slovin, Smith, Bruno and Settles argue that the malicious prosecution claim should be dismissed for the following reasons: the murder charge did not terminate in

8

Kazar's favor because it was dismissed pursuant to a plea agreement[3]; the indictment establishes probable cause; and the Complaint does not plead facts showing that each Defendant is liable for maliciously prosecuting Kazar.   Kazar contends that he has pleaded facts plausibly suggesting that the prosecution was initiated without probable cause, that the prosecution terminated in his favor because the prosecutor dismissed the case due to lack of evidence, that Slovin is not absolutely immune from fabricating evidence and coercing and intimidating witnesses, and that his rights to avoid malicious prosecution and abuse of process were clearly established at the time his rights were violated.

-------------------

[3] Attached to the brief filed by the State Defendants is a document dated February 25, 2013, and entitled "New Jersey Judiciary Plea Form" which indicates that Milton Kazar seeks to plead guilty to the offense terroristic threats in count three of Camden County Indictment #583-02-09 and that the prosecutor has agreed to recommend dismissal of Indictments 472-02-09 and 160-01-13. (ECF No. 27-3 at 44-48.)   This Court cannot consider this document or the other documents attached to the State Defendants' brief and reply in deciding the motion to dismiss. See Fed. R. Civ. P. 12(d); McTernan v. City of York, PA, 577 F.3d 521, 526 (3d Cir. 2009) ("We have stated that, in deciding a motion to dismiss . . , [i]n addition to the complaint itself, the court can review documents attached to the complaint and matters of public record, and a court may take judicial notice of a prior judicial opinion.") (citation omitted).

The problem with Kazar's pleading is that he does not assert facts showing, as to each Defendant, that "the defendant initiated the proceeding without probable cause" and "the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice."   Halsey, 750 F.3d at 297 (citation omitted).   Other than certain isolated and limited facts asserted with regard to Bruno and Smith,[4] Plaintiff bundles all

---

[4] As noted, Plaintiff alleges that Bruno "issued" (presumably meaning "obtained") a warrant, which Smith approved, and then after Plaintiff's arrest Bruno noticed that he was right-handed at the time he knew a witness had described the suspect as left-handed.  How this information relates to whatever process was used to obtain the warrant, the facts alleged to obtain the warrant, information about the other witness, or other information developed during the investigation is undisclosed. Plaintiff makes no allegation whatsoever about this right-handed/left-handed observation against Smith or any defendant other that Bruno.  Plaintiff does relate that Bruno documented it in his report, hardly an act of concealment or malice.  Even if Plaintiff's right-handedness was exculpatory, that does not necessarily mean that this one fact was strong enough to undermine a finding of probable cause when weighed against the evidence that inculpated Plaintiff.  Not every inconsistent or exculpatory fact undermines probable cause:  the question is whether the "exculpatory facts, when weighed against the inculpatory facts, are [ ] strong enough to undermine a finding of probable cause."  Wilson v. Russo, 212 F.3d 781, 791-92 (3d Cir. 2000).  For example, the Third Circuit held in Wilson v. Russo that where one victim identified Wilson as the robber three days after the incident, the facts that Wilson was four to seven inches shorter than the victim originally described and that one of the two victim-witnesses failed to identify Wilson when shown a photo array, did not undermine the existence of probable cause.  Id. at 791-92; see also Vega v. Ripley, 571 F. App'x 96, 100 (3d Cir. 2014)(affirming order granting summary

other factual allegations collectively as all "Defendants."
Iqbal teaches that a plaintiff who alleges all the same basic
facts against all the defendants is unlikely to assert a
plausible claim.  While it is possible that each of the
individual Defendants in this case initiated the criminal
prosecution against Kazar maliciously and without probable cause
as claimed, such a claim is not plausible on the limited facts
pled.  A plausible claim alleges facts that are specific to the
role played by each individual.  See Iqbal, 556 U.S. at 677
("[E]ach Government official . . . is only liable for his or her
own misconduct,") and id. at 676 ("a plaintiff must plead that
each Government-official defendant, through the official's own

_____

judgment because, "even if the evidence that the bullet casings
found at the scene did not match the caliber of weapons owned by
Vega was exculpatory . . , it would not have been strong enough
to undermine a finding of probable cause when weighed against
the evidence that inculpated him.") (citation and internal
quotation marks omitted).  The only other potentially meaningful
allegation is that the "Defendants'" knew defendant Benjamin's
stepson was also a suspect.  If this is meant to infer that the
defendants' acted with malice in that they arrested Plaintiff to
shield Benjamin's stepson, such an allegation should not have to
be inferred but should contain sufficient factual allegations
against each defendant to make the claim both clear and
plausible as to each.  As for defendants Slovin and Settles, no
specific allegations at all are made regarding the
investigation, arrest, or prosecution of Plaintiff.  A reader is
left to guess as to their respective roles and alleged conduct.

individual actions, has violated the Constitution.").  Because
Kazar does not assert facts showing that each (or any)
Defendant, through the person's own actions, initiated the
murder proceeding without probable cause and acted maliciously
or for a purpose other than bringing him to justice, his
Complaint does not state a malicious prosecution claim.[5]

(2) Malicious Abuse of Process

The State Defendants argue that the Complaint does not set
forth a malicious abuse of process claim because it does not
allege facts showing that any of them had an ulterior motive for
delaying the dismissal of the charges against Kazar.  (ECF No.
27-3 at 39.)  Relying on Rose v. Bartle, 871 F.2d 331, 350 (3d
Cir. 1989), Kazar maintains that he has sufficiently pleaded a
malicious abuse of process claim.

As Kazar contends, in Rose v. Bartle the Third Circuit
noted that "a section 1983 claim for malicious abuse of process
lies where 'prosecution is initiated legitimately and thereafter

---

[5] The Court notes, however, that the facts alleged in the
Complaint suggest that the prosecution terminated in Kazar's
favor, as he asserts that the prosecutor dismissed the charges
on the basis of insufficient evidence.  The facts alleged in the
Complaint also suggest that Kazar suffered a deprivation of
liberty, as he asserts that he was incarcerated for four days on
the murder charge.

is used for a purpose other than that intended by the law.'" Rose, 871 F.2d at 350 (quoting Jennings v. Shuman, 567 F.2d 1213, 1217 (3d Cir. 1977)).  The gravamen of an abuse of process tort "is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends.  Cognizable injury for abuse of process is limited to the harm caused by the misuse of process, and does not include harm (such as conviction and confinement) resulting from that process's being carried through to its lawful conclusion."  Heck v. Humphrey, 512 U.S. 477, 486 n.5 (1994). To establish an abuse of process claim "there must be some proof of a definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of [the] process."  Ference v. Twp. of Hamilton, 538 F.Supp.2d 785, 798 (D.N.J. 2008) (citations and internal quotation marks omitted).

Again, the facts in Kazar's Complaint do not indicate what each individual Defendant did to pervert Kazar's criminal prosecution toward illegitimate ends.  Accordingly, the Complaint does not state an abuse of process claim against any Defendant under the Iqbal pleading standard, and the Court will

13

grant the motion to dismiss the abuse of process claims.[6]  <u>See</u>

<u>Moore v. United States</u>, 213 F.3d 705, 712-13 (D.C. Cir. 2000);

<u>Coles v. Carlini</u>, Civ. No. 10-6132 (JBS), 2015 WL 5771134 at

n.12 (D.N.J. Sept. 30, 2015); <u>Ference</u>, 538 F.Supp.2d at 798.

III.  CONCLUSION

For the reasons set forth in this Opinion, this Court will

grant the motion to dismiss without prejudice to the filing of

an amended complaint that is complete on its face and replaces

the original Complaint.  An appropriate Order accompanies this

Opinion.

                              /s/Noel. L. Hillman
                              **NOEL L. HILLMAN, U.S.D.J.**

At Camden, New Jersey
Dated:  February 18, 2016

---

[6] In any event, the abuse of process claims may be time barred.
In <u>Rose</u>, the Third Circuit held that "the plaintiffs' [section
1983] claims for abuse of process accrued on the dates of arrest
because the plaintiffs would have had reason to know on those
dates of the injuries which the tort encompasses." <u>Id.</u> at 351.
The statute of limitations on Kazar's § 1983 claims is governed
by New Jersey's two-year limitations period for personal injury.
<u>See Wilson v. Garcia</u>, 471 U.S. 261, 276 (1985); <u>Estate of Lagano
v. Bergen County Prosecutor's Office</u>, 769 F.3d 850, 859 (3d Cir.
2014); <u>Dique v. N.J. State Police</u>, 603 F. 3d 181, 185 (3d Cir.
2010); <u>Cito v. Bridgewater Township Police Dept.</u>, 892 F.2d 23,
25 (3d Cir. 1989).  If Kazar's § 1983 abuse of process claims
accrued on the date of his arrest (the Court is not at this time
deciding that they did), then the claims would be time barred
because the statute of limitations expired on January 18, 2010,
almost five years before he filed his Complaint on February 27,
2015.

14