```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| KAZAR MILTON,<br><br>         Plaintiff,<br>    v.<br><br>INVESTIGATOR JAMES BRUNO,<br><br>         Defendant. | Civ. No. 15-1527 (NLH/KMW)<br><br>**OPINION** |

**APPEARANCES:**

SURINDER K. AGGARWAL, ESQ.
1 University Plaza, Suite 617
Hackensack, New Jersey 07601

    and

CONRAD J. BENEDETTO, ESQ.
1405 Chews Landing Road, Suite 21
Laurel Springs, New Jersey 08021
         Counsel for Plaintiff

ROBERT LOUGY, ACTING ATTORNEY GENERAL OF NEW JERSEY
By: Akeel A. Qureshi, Deputy Attorney General
25 Market Street, P.O. Box 116
Trenton, New Jersey 08625
         Counsel for Defendant

**HILLMAN**, District Judge

    Plaintiff Kazar Milton asserts claims under 42 U.S.C. § 1983 and New Jersey state law alleging that Defendant James Bruno, an investigator for the Camden County Prosecutor's Office, maliciously prosecuted him, resulting in an indictment for murder, which charges were subsequently dismissed. Bruno

moves to dismiss the two claims pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth herein, the Motion will be denied.

## I.

As alleged in the Amended Complaint, Defendant Bruno, during the course of his investigation of the murder of Luis Rolon, "engaged in a series of coercive and/or manipulative tactics geared toward Plaintiff [Milton] being prosecuted for Rolon's murder." (Amend. Compl. ¶ 6) According to Milton, Bruno sought to have Milton prosecuted for the murder not because Bruno had probable cause to believe Milton committed the crime, but rather "to shield two potential suspects from prosecution," which suspects happened to be "the nephew and step-son of Camden City Police Officer William Benjamin." (Amend. Compl. ¶ 6)

As will be discussed further *infra*, the Amended Complaint sets out with some particularity various pieces of exculpatory evidence (including evidence that arguably inculpated Officer Benjamin's nephew and step-son), and inculpatory evidence, uncovered in the investigation. (See Amend. Compl. ¶¶ 7-15)

Most notably, however, the Amended Complaint alleges that Milton had an alibi for his whereabouts during the time of the murder, and that the alibi was "corroborated by witnesses and video surveillance." (Id. ¶ 19) On the other hand, the only witness to the murder, Rolon's girlfriend, identified Milton as

2

the murderer. (Amend. Compl. 16)  Milton alleges, however, that the identification was "coerced and manipulated" by "detaining [the witness] for an inordinate number of hours," "placing her under duress, and threatening her with arrest for possession of drug paraphernalia." (Id.)  Moreover, Rolon's girlfriend later recanted her identification. (Id. ¶ 23)

Milton was indicted for Rolon's murder sometime in 2009 (Amend. Compl. ¶ 18), but the charges were dismissed in "March or April 2013." (Id. ¶ 24)  As a result of the indictment, which Milton alleges was "procured by fraud, perjury and/or other corrupt means," and without probable cause, Milton was "incarcerated for four days [and] his appearance in court over the next five years was secured by means of bail in the amount of $750,000.00 cash or bond." (Id. ¶ 22)

The Amended Complaint asserts two counts of malicious prosecution (one under federal law, and one under New Jersey law) against Bruno in his individual capacity only.[1]  Bruno moves to dismiss, asserting that he is entitled to qualified immunity and that the complaint fails to state a claim.

## II.

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted

---

[1] The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

3

pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. *Bogosian v. Gulf Oil Corp.*, 562 F.2d 434, 446 (3d Cir. 1977).  However, "the Federal Rules of Civil Procedure . . . do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" *Bell Atlantic v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009)("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir.

4

2009)("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*.").

### III.

Bruno argues that he is entitled to qualified immunity because Milton has not pled facts plausibly supporting a conclusion that a constitutional violation occurred.

"'To prove malicious prosecution under § 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.'" *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009)(quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)).[2]

Bruno argues that the facts alleged do not establish elements (2), (3) and (4).

**A.   Proceeding ended in plaintiff's favor**

---

[2] As to the specific issues raised in the instant motion, the parties assume the legal analysis is the same for the New Jersey state law claim; accordingly the Court assumes the same.

5

Relying on facts and documents outside the Amended Complaint, Bruno asserts (and Milton does not dispute) that the charges in the indictment at issue were dismissed by way of a plea agreement whereby Milton "agree[d] to plead guilty to unrelated charges." (Qureshi Decl. ¶ 2)  Therefore, Bruno argues, "[b]ecause the charges were dismissed as part of an agreement, Plaintiff cannot establish that the underlying action terminated in his favor." (Moving Brief p. 10, Docket # 55-1)

While Milton objects to the Court considering this argument at all on a motion to dismiss (as opposed to summary judgment), the Court has considered it and now rejects it.[3]  The alleged fact that the charges were dismissed "as part of an agreement" is not dispositive.  The key allegation is that the charges to which Milton pled guilty were unrelated.  Thus, the alleged resolution of Milton's murder charges-- dismissal and a guilty plea to an unrelated crime-- is not inconsistent with Milton's alleged innocence of the murder charges which are the basis of his malicious prosecution claims. *See Kossler,* 564 F.3d at 187

---

[3]  To be clear, the Court does not convert Bruno's motion to dismiss into a motion for summary judgment.  Indeed, Bruno expressly argues that the Court need not convert his motion to dismiss into a motion for summary judgment. (Moving Brief, p. 2 n.1, Docket #55-1; Reply Brief, p. 2 n.1, Docket #49)  The Court proceeds as if Milton had pled the entire disposition of his murder charges-- i.e., not just that they "were dismissed," (Amend. Compl. ¶ 24), but also that the charges were dismissed as part of an agreement with the prosecutor whereby Milton pled guilty to unrelated charges.

("The purpose of the favorable termination requirement is to avoid 'the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.' Consistent with this purpose, we have held that a prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element.")(quoting *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)).[4]

The Amended Complaint sufficiently pleads that the murder charges against Milton were terminated in his favor. The Court leaves for summary judgment the separate inquiry into the circumstances under which Milton pled guilty to the unrelated charges. *See Murphy v. Lynn*, 118 F.3d 938, 950 (2d Cir. 1997)("In general, the issue of whether a given type of termination was favorable to the accused is a matter of law for

---

[4] *Cf. Cuthrell v. Zayre of Virginia, Inc.*, 214 Va. 427, 428 (1974)("Disorderly conduct is not a lesser included offense of larceny. The conviction of disorderly conduct does not establish that the arrest for petit larceny was without malice and upon probable cause. Since the petit larceny charge was dismissed, plaintiff had a right to maintain this malicious prosecution action. The petit larceny prosecution terminated in a manner not unfavorable to the plaintiff.")(internal citations and quotation omitted).

the court. If, however, there is a question as to the nature of the circumstances leading to that termination, that question is one for the trier of fact.").

**B.  Lack of probable cause**

A "grand jury indictment or presentment constitutes prima facie evidence of probable cause to prosecute"; this presumption will only be overcome "by evidence that the presentment was procured by fraud, perjury or other corrupt means." *Rose v. Bartle*, 871 F.2d 331, 353 (3d Cir. 1989).

At the pleadings stage, the Court cannot reasonably expect Milton -- or any malicious prosecution plaintiff for that matter -- to allege facts concerning what happened in the grand jury room, nor Bruno's interactions with the prosecutor(s) who appeared before the grand jury. Thus, contrary to Bruno's argument (Moving Brief, p. 14, Docket #55-1; Reply Brief, p. 4-6, Docket #67), the absence of specific factual allegations concerning exactly how the indictment was allegedly "procured by fraud, perjury and/or other corrupt means" (Amend. Compl. ¶ 18) is not fatal at this stage of Milton's case.[5]

---

[5]  Such issues, and the related issue of causation, are more appropriately resolved at summary judgment. *See, e.g.*, *Halsey v. Pfeiffer*, 750 F.3d 273, 279 (3d Cir. 2014)("[W]e reinstate Halsey's malicious prosecution claim, principally because the prosecutor instrumental in the initiation of the criminal case against Halsey has acknowledged that the false confession that appellees claimed they obtained from Halsey contributed to the prosecutor's decision to charge Halsey, and for that reason we

The Court holds that the particular factual allegations of the Amended Complaint in this case are sufficient to allow the case to proceed to discovery. Milton has alleged sufficient facts which plausibly support an inference that there was not probable cause to believe that he committed the murder.

In addition to the alibi allegations discussed above, the Amended Complaint also alleges that there was reason to doubt the veracity of the inculpatory evidence against Milton, in particular: the witness who identified Milton as the murderer later recanted, and also gave other information that was inconsistent with Milton's guilt; the witness said the murderer

---

will not treat the decision to prosecute as an intervening act absolving appellees from liability.  Moreover, without that false confession, there would not have been direct evidence linking Halsey to the crimes so that the prosecutor would not have had cause to prosecute Halsey.  Therefore, the District Court should not have held on the motions for summary judgment that appellees had a probable cause defense to Halsey's malicious prosecution claim."); *Rentas v. Ruffin*, 816 F.3d 214, 220-21 (2d Cir. 2016)("A grand jury indictment gives rise to a presumption that probable cause exists and a claim for malicious prosecution thereby is defeated.  The presumption may be rebutted by evidence of wrongful acts on the part of police, including fraud, perjury, or the suppression of evidence. For example, when an officer provides false information to a prosecutor, what prosecutors do subsequently has no effect whatsoever on the officer's initial, potentially tortious behavior.  But if the prosecution relied on independent, untainted information to establish probable cause, a complaining official will not be responsible for the prosecution that follows.  In that situation, the chain of causation between a police officer's unlawful arrest and a subsequent conviction and incarceration would be broken by the intervening exercise of the prosecutor's independent judgment.")(internal citations and quotations omitted).

was left-handed, whereas "Bruno was aware that [Milton] was right-handed." (Amend. Compl. ¶ 21)

At this early stage of the case, the facts pled support a plausible conclusion that there was not probable cause to believe Milton murdered Rolon.[6]  Accordingly, it may also be inferred that Milton should not have been indicted, and therefore the indictment must have been procured by fraud, perjury or other corrupt means. *See generally, Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(rejecting a heightened pleading standard for § 1983 claims).

**C.  Defendant acted maliciously or for a purpose other than bringing the plaintiff to justice**

Bruno asserts that the Amended Complaint contains only conclusory allegations that Bruno acted maliciously or for a purpose other than bringing the plaintiff to justice.  The Court disagrees.  The Amended Complaint specifically alleges that

---

[6] *Cf. Halsey v. Pfeiffer*, 750 F.3d at 300 ("Courts should exercise caution before granting a defendant summary judgment in a malicious prosecution case when there is a question of whether there was probable cause for the initiation of the criminal proceeding because, generally, the existence of probable cause is a factual issue.")(internal citation and quotation omitted); *see also Montgomery v. De Simone*, 159 F.3d 120, 124 (3d Cir. 1998)("[T]he question of probable cause in a section 1983 damage suit is one for the jury.")(discussing Section 1983 claim for malicious prosecution).  It follows that if caution is called for at the summary judgment stage in determining such issues, an even greater quantum of caution is appropriate under Fed. R. Civ. P. 12(b)(6).

Bruno's purpose for pursuing the prosecution of Milton was "to shield two potential suspects from prosecution [which suspects were] the nephew and step-son of Camden City Police Officer William Benjamin." (Amend. Compl. ¶6)  Such allegations are sufficient to withstand the instant motion to dismiss. *See also, Lippay v. Christos*, 996 F.2d 1490, 1502 (3d Cir. 1993)("[m]alice may be inferred from the absence of probable cause.").

**IV.**

For the foregoing reasons, Defendant Bruno's Motion to Dismiss will be denied.

An appropriate order accompanies this opinion.


Dated:  December 8, 2016               s/ Noel L. Hillman___
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.